```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

ANITA SORRELL STRANGE ET AL                         CIVIL ACTION

versus                                              NO. 05-3032

SAIA MOTOR FREIGHT LINE, INC., ET AL                SECTION: E/3

### RULING ON MOTION

Defendants Saia Motor Freight Line, Inc., and Steven Toups (collectively "Saia") filed a motion *in limine* to exclude a suicide note from evidence at trial (r.d. #103). Plaintiffs oppose the motion. The motion was considered on the briefs, without oral argument. For the following reasons, the motion is granted.

### BACKGROUND

This matter arises out of a collision between a tractor-trailer truck and a freight train at a crossing located in Pontchatoula, Louisiana, on August 24, 2004. The original plaintiff, Michael S. Strange, was an engineer on the locomotive. Defendant Steven A. Toups, employed by defendant Saia, was driving the truck. Mr. Toups suffered only minor injuries in the collision; Mr. Strange claims to have suffered back, neck and shoulder injuries in the collision, resulting in a back surgery, post-traumatic stress disorder, anxiety and depression. He died on February 29, 2006, just over six months after filing this lawsuit.[1] The Medical Examiner found Mr. Strange's death to be a suicide,

---

[1] His son was substituted as personal representative on behalf of the Estate, and his former wife was substituted as guardian of his minor daughter.

attributed to a drug overdose: "multi-drug toxicity (morphine, hydrocodone, acetaminophen, alcohol)". Saia Memo, Ex. 4. Plaintiffs filed their Exhibit List, which includes "Suicide Note" at item #20, into the record on August 24, 2007. R.d. #90. Saia moved to exclude the suicide note on the grounds that it is hearsay.[2]

## ANALYSIS

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial ..., offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). If the declarant is unavailable to testify, a hearsay statement would be admissible in a civil proceeding as an exception to the hearsay rule if it were a dying declaration, "a statement made by the declarant while believing that the declarant's death was imminent, concerning the cause or circumstances of what the declarant believed to be impending death." Fed. R. Evid. 804(b)(2). To be admissible, a dying declaration must have been made in the belief that death is "imminent", United States v. Angleton, 269 F.Supp.2d. 878, 884 (S.D.Tx. 2003), *and* the statement must directly relate to the cause and circumstances of the declarant's death. Id., at 885. The burden of proving the admissibility of a dying declaration

---

[2]On November 20, 2007, Saia entered into the record, at r.d. #119, a "Stipulation as to Liability" that reserved their rights to contest the nature, cause and extent of plaintiffs' physical and emotional injuries and other damages claimed by plaintiffs.

rests with the party seeking to introduce the statement.  Id.

Mr. Strange's body was found in his home early in the morning on February 27, 2006, by his friend and next-door neighbor, Angela Washer Thompson.  Plaintiffs' Memo, Ex. A, Deposition of Ms. Thompson, p. 28.  Shortly after she discovered his body, Ms. Thompson noticed a note lying on Mr. Strange's desk, about eight feet from the chair in which she discovered his body.  Id., p. 29.

The undated handwritten note[3] reads as follows:

> Dear Mama, Lindsey, Lisa and Brian,
> I am sorry for what I have done.  Look in the safe.  The keys are on my key chain.  Tell Kayla and Anita I am sorry.  I just could not handle the pain and stress anymore and I have caused each and everyone pain and stress that I never would have if none of this would have happened.  I just pray that I go to heaven! Tell Bub and Kelly how much I think of them and I am sorry to put you all through [sic] but I think it is for the best.  Also tell Kayla and Anita I love them!  I will miss all of you but will be with you every one of you.
>
> I love you & thanks to all of you
> Mikie
>
> Tell Angie thanks for being a good friend!

Saia argues that Michael Strange's suicide note is inadmissible because it cannot be shown that it was written when death was imminent, and it is vague and unclear regarding whether

---

[3] A copy of the suicide note is attached to Saia's memorandum at Exhibit 3.

it refers to the specific accident at issue in this lawsuit. Plaintiffs argue that the motion to exclude the entire suicide note is premature because several depositions remain to be taken which may answer the question of whether Mr. Strange's fatal drug overdose was accidental or a suicide.  These deponents include the Oklahoma Chief Medical Examiner and both plaintiffs' and Saia's psychiatric experts.  Plaintiffs contend that these depositions will end speculation as to whether Mr. Strange's death was a suicide and shed light on the relevance of the suicide note, because each of these "healthcare professionals" relied on the suicide note, in combination with other factors, to reach their opinions as to the ultimate "manner" of Mr. Strange's death.  This, however, does not necessarily address "the cause and circumstances" of his death as required for the suicide note to be admissible as a dying declaration.

The collision at issue was the fourth vehicle/locomotive accident in three years in which Mr. Strange had been involved[4]. Saia Memo, Ex. 1, Neuropsychological Evaluation of Michael Strange by Vivian Collins, Ph.D and psychologist, dated 02/25/05/, 03/11/05.  According to Dr. Collins' Evaluation, at that time he was taking multiple medications and had been diagnosed with spinal

---

[4] According to Saia's memorandum, two of the vehicle/locomotive accidents resulted in fatalities.

injuries, major depression, and post-traumatic stress disorder. Id.  Mr. Strange received counseling immediately after this accident, and continued to be treated for physical and psychological problems until his death 18 months later.  By February 7, 2005, he was describing to Dr. Collins a difficult and unhappy relationship with his ex-wife and his daughter.  Id.  Mr. Strange underwent apparently successful spinal surgery on January 4, 2006.  Saia Memo, Ex. 2, surgeon's notes dated January 4th and 5th, 2006.  Dr. Collins' notes dated February 21, 2006, report that Strange was in "less pain" and doing "remarkably well" after the surgery, and that he is no longer taking morphine.  She also reported that his mood was depressed but that he "denied suicidal ideation", and he was not sleeping and was lonely.  Saia Memo, Ex. 1.

Even assuming Strange's suicide note was written when his death was "imminent", that is, immediately before or after he ingested the fatal drug overdose, it is impossible to determine whether his general and imprecise references to the "pain and stress" and "none of this" in the statement "I just could not handle the pain and stress anymore and I have caused each and everyone pain and stress that I never would have if none of this would have happened" refers to the specific accident at issue, or the cumulative effect of all of the vehicle/locomotive accidents he

had experienced, or his divorce and difficult relationship with his ex-wife and daughter, or all of the above.

Plaintiffs argument that other evidence will show that the note addresses the accident that is the subject this litigation is not persuasive.  The testimony of the Medical Examiner and both parties' psychiatric experts, may well show that Mr. Strange's suicide was directly related to the accident that is the subject of this litigation, but the suicide note itself does not do so.  The Court finds that Saia's motion to exclude the suicide note is not premature.  The note does not clearly and directly relate the truck/locomotive collision on August 24, 2004, to Mr. Strange's death, apparently by his own hand, on February 26 or 27, 2006.  It is hearsay that is not admissible as a dying declaration.

Accordingly,

**IT IS ORDERED** that Saia's motion to exclude the suicide note is **GRANTED**.

New Orleans, Louisiana, this 5th day of December, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**